[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN PARTY DEFENDANT
The Court accepts the background information as set forth in the defendant's Memorandum of Law in Support of Motion to Cite in Party Defendant as follows:
BACKGROUND
 This lawsuit arises out of an accident in the course of which the Plaintiff Sheri Ann Miller, a pedestrian, was allegedly hit by a car driven by the Defendant, Robin Palumbo. Prior to the incident the Plaintiff, the Defendant, and several other minors were present at a party hosted by Brian Cook. In the course of the party Brian Cook served alcohol to the minor Tara Kovach. Later on that evening, Tara Kovach and Renee White threatened and attacked the Defendant, Robin Palumbo. In order to avoid injuries, the Defendant, CT Page 1192 Robin Palumbo, tried to evade Tara Kovach and Renee White by driving away from the scene of the incident, and allegedly hit and injured the Plaintiff, Sheri Ann Miller.
 The Defendant hereby moves, pursuant to C.G.S. sections 52-102 and 52-572h to cite in Tara Kovach, Renee White and Brian Cook as party Defendants for the purpose of apportioning negligence and damages in accordance with said statutes.
The Court has reviewed the memoranda of the parties together with supplemental memoranda.
There are two scenarios that a finder of fact could deduce from the represented facts. They are either:
(A) The defendant Robin Palumbo was backing her car out of a parking space after looking to her rear and saw no one. Thereafter, the plaintiff Sheri Ann Miller walked into the rear of the Palumbo vehicle.
OR
(B) The defendant Robin Palumbo got into her car, put her car into reverse, looked back over her shoulder and backed up fast into a group of people, the plaintiff Sheri Ann Miller being one of the group. The defendant stopped backing and again backed into the plaintiff Sheri Ann Miller.
There is absolutely no evidence or claim by the defendant that she had backed into the plaintiff because of some fear, panic or special effort to get away as a result of an effort to escape from an attack, nor is there any claim or evidence that alcohol consumption played any part in causing the alleged accident itself, nor the alleged aggressive behavior. At best the Court is asked to find that the ultimate finder of fact would be able to make an inferential surmise or assumption that alcohol must have played a part or that defendant Robin Palumbo must have in some way panicked.
This Court is unable to find that Tara Kovach, Renee White or Brian Cook, assuming the facts most favorable to the defendant to grant the defendant's motion to cite in said individuals pursuant to section 52-102 of the Connecticut General Statutes, the Court is unable to find a basis from which a finder of fact would be able to make a determination that the wrongful conduct of any one of the individuals was CT Page 1193 the proximate cause of the alleged accident or assault (the car purposely striking the pedestrian plaintiff) and the resulting injuries therefrom.
Accordingly, the Court finds that the persons requested to be made parties in this action are not necessary parties, nor are they insofar as the evidence and claims set forth in the depositions and statements provided to the Court, appropriate parties.
The motion is denied.
J. F. WALSH, J.